UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARCEL FLOWERS and JULIUS WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 1:05-cv-1399-JDT-WTL ) ) |
| SOUTHWEST AIRLINES CO. and GLOBE AIRPORT SECURITY SERVICES, INC., | ) ) ) ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFFS' PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (Doc. No. 83)**[1]

**I.**

Plaintiffs seek certification of this court's January 10, 2007, entry (Doc. No. 81), where the court made two rulings on the applicable choice of law in this case. The entry was in response to Plaintiff's Petition for Determination of Good Faith Settlement (Doc. No. 23) and Defendant Southwest's self-styled Motion for Partial Summary Judgment (Doc. No. 47). These were both, in essence, arguments over whether California or Indiana law should apply. The Petition for a Determination of Good Faith Settlement was only necessary if California's rule of joint and several liability for economic damages

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

applied. Defendant Southwest explicitly asked for a choice of law determination that Indiana's wrongful death statute applied to limit the damages recoverable for loss of love and companionship to $300,000.

Because this case was transferred from the Central District of California, California's choice of law rules applied. In California, choice of law determinations are made by a governmental interest analysis and are made issue by issue. As the court explained in its entry, California would apply Indiana law to both of these issues because Indiana's interests would be more impaired if California's law were applied than vice-versa.

Plaintiffs filed for a certificate of appealability on February 13, 2007, more than a month after the entry issued. At the time, Plaintiffs argued for certification of both choice of law decisions. Defendants responded February 21, 2007. Plaintiff filed a reply March 20, 2007, abandoning their request for certification on the issue of joint and several liability. Now, Plaintiffs seek to have this court certify the entry for interlocutory appeal only on the issue of the $300,000 limit on damages for love and companionship.

II.

Plaintiffs seek this certification pursuant to 28 U.S.C. § 1292(b). An issue for certification must meet four statutory requirements: it must (1) be a question of law; (2) be controlling; (3) be contestable; and (4) its resolution must speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). There is an additional nonstatutory requirement that the petition for certification be filed in the

district court in a reasonable time. *Id.* These five requirements must all be met; it is not sufficient that only one is satisfied. *Id.* at 676.

Certification on this issue will be denied because resolution of the issue will not speed up the litigation. Regardless of whether the $300,000 limit on damages for loss of love and companionship should be applied, a trial on the merits would result. The Indiana statute provides that the jury may not be informed of the $300,000 limit. Ind. Code § 34-23-1-2(e). If the jury awards more than $300,000, then the court reduces the damages to $300,000. Defendants are correct that if, after trial, the Seventh Circuit were to reverse on this issue, the jury's original finding of damages could simply be applied without the $300,000 limit. Therefore, no speed is gained by allowing the appeal now; in fact, speed is lost by disrupting the progress of the litigation in district court. Further, any additional appeals the parties may have after trial may be brought with this choice of law issue, assuming the choice of law issue is still meaningful after trial.

Plaintiffs argue that the California and Indiana wrongful death statutes are different with respect to their damages calculations, so that reversal by the Seventh Circuit would require a completely new trial. It is true that the California and Indiana statutes are different with respect to who may pursue the wrongful death claim, but for the purposes relevant here, the damages calculations are the same. The California Code of Civil Procedure § 377.60 provides that in cases such as this, where the deceased is not survived by a spouse or issue, anyone who would inherit through

intestate succession may bring a cause of action for wrongful death.[2]  Indiana, on the other hand, requires that this type of wrongful death suit be pursued by a personal representative of the estate.  Ind. Code § 34-23-1-2(b).[3]

Plaintiffs extrapolate from who can pursue the claim to how damages are calculated.  Plaintiffs correctly note that because more than one person may bring suit in California, the total pecuniary damages in an action with more than one plaintiff would be the sum of the pecuniary damages suffered by each heir (in this case, the damages suffered by each parent).  But Plaintiffs incorrectly believe that in Indiana, only the personal representative's damages are considered in the damages award.  Plaintiffs misunderstand the Indiana statute.  The personal representative need not be someone with damages themselves; the personal representative is simply a person who brings suit on behalf of those with claims.  *See* Ind. Code 34-23-1-2(d) (damages for medical,

---

[2] The California Code of Civil Procedure § 377.60 provides:

A cause of action for the death of a person caused by the wrongful action or neglect of another may be asserted by any of the following persons or by the decedent's personal representatives on their behalf:

(a) the decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

[3] Indiana Code § 34-23-1-2(b) provides:

If the death of an adult person is caused by the wrongful act or omission of another person, only the personal representative of the adult person may maintain an action against the person whose wrongful act or omission caused the death of the adult person.

hospital, funeral, and burial expenses go to estate to pay those expense, remainder of damages go to nondependent parent or child); *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 195 (Ind. Ct. App. 1999) (mother named personal representative of ex-husband's estate for sole purpose of pursuing wrongful death claim on behalf of their son).

The statute spells out the method for dividing damages, demonstrating that the effect will be identical to the California statute. Damages are not "limited to loss suffered only by a single individual personal representative of deceased" as Plaintiffs believe (Pl.'s Reply Br. 7); rather, they are, as in California, the sum of the damages suffered by both parents. The Indiana statute provides: "In awarding damages under this section to more than one (1) person, the court or the jury shall specify the amount of the damages that should be awarded to each person." Ind. Code 34-23-1-2(h). Thus, whether California or Indiana law is applied on the issue of damages calculations the court may proceed in the same way, applying the $300,000 limit only if necessary after the verdict.[4] Either way, a trial on the merits would be required, and reversal after trial by the Seventh Circuit on the choice of law decision would require taking the jury's verdict before applying the limit, not another trial.[5]

---

[4] California's conflict of law analysis is performed issue by issue, meaning that the laws of different states might apply to different issues in the case. *Browne v. McDonnell Douglas Corp.*, 504 F. Supp. 514, 517 (N.D. Cal. 1980). The court has not been asked to rule on whether California or Indiana law should apply on the issue of who can bring this suit.

[5] To the extent that the damages calculations in Indiana and California differ in ways not brought up by Plaintiffs in their briefs on this motion, the court believes that it will be able to conduct the trial and structure the jury's findings of fact in a way that will minimize the likelihood that another trial would be necessary if its conclusions of law are overturned on appeal.

**III.**

For the reasons set forth above, the petition for certification is **DENIED**.

ALL OF WHICH IS ENTERED this 30th day of March 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Matthew Mark Adolay
WOODEN & MCLAUGHLIN LLP
madolay@woodmaclaw.com

Alicia Kathleen Berry
HOLLINS SCHECHTER
aberry@hollins-law.com

Kathleen M. K. Carter
HOLLINS SCHECHTER
kcarter@hollins-law.com

Mark W. Eisenberg
HOLLINS SCHECHTER
1851 East First Street
6th Floor
Santa Ana, CA 92705-4017

Jerome A. Kaplan
KAPLAN KENEGOS & KADIN
kapkenkd@pacbell.net

Joan E. Kenegos
KAPLAN KENEGOS & KADIN
jeklaw@pacbell.net

John D. Nell
WOODEN & MCLAUGHLIN LLP
jnell@woodmaclaw.com

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com